John R. CURTIS, Plaintiff—Appellant,

v.

CENTURY SURETY CO., an Ohio Corporation, Defendant—Appellee.

No. 08–16236.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2009.*

Filed March 23, 2009.

R.App. P. 34(a)(2).

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

[redacted]

[redacted]

[redacted]

---

John R. Curtis, Carefree, AZ, pro se.

David A. Selden, Esquire, Ballard Spahr Andrews & Ingersoll, LLP, Phoenix, AZ, for Defendant–Appellee.

[redacted]

Before: WALLACE, THOMAS and BYBEE, Circuit Judges.

MEMORANDUM **

John Curtis appeals from the district court's grant of summary judgment in favor of his former employer, defendant-appellee Century Surety Company ("Century"). The facts and procedural history are familiar to the parties and we do not repeat them here. Curtis brought claims for constructive discharge in violation of Arizona Revised Statute § 23–1502 and retaliation under the Sarbanes–Oxley Act. Curtis argues that the district court erred by (1) concluding that Century's conduct was not outrageous so as to exempt him from Arizona's statutory notice requirements; and (2) ruling that Curtis's status as an attorney did not exempt him from the Sarbanes–Oxley Act's exhaustion requirements. We affirm the judgment.

Arizona Revised Statute § 23–1502 requires an employee, as a precondition to bringing a constructive discharge claim, to notify the employer of the problematic working condition underlying his claim in writing and allow his employer fifteen days to respond. ARIZ.REV.STAT. § 23–1502(B). The statute provides an exception to the fifteen day notice requirement "in the event of outrageous conduct by the employer . . . including sexual assault, threats of violence directed at the employee, a continuous pattern of discriminatory harassment by the employer . . . or other conduct if the conduct would cause a reasonable employee to feel compelled to resign." *Id.* § 23–1502(F).

[redacted] Curtis concedes that he did not give Century notice of the problematic

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

548

working condition or fifteen days to respond, but contends that the statute does not require outrageous conduct on the part of the employer to trigger this exception, only that the conduct at issue would cause a reasonable employee to feel compelled to resign. Curtis's interpretation of the statute is untenable because every constructive discharge action concerns conduct or conditions that would cause a reasonable employee to feel compelled to resign. *See id.* § 23–1502(A)(1). If such a condition also constituted an exception to the notice requirement, the notice requirement would be rendered meaningless because every employee with a meritorious constructive discharge claim would meet it. In any event, a demotion, without more, does not constitute outrageous conduct. Finally, we decline to consider Curtis's argument that the statute is unconstitutional under the Arizona constitution because he forfeited it by failing to raise it before the district court.

■ The district court likewise did not err by granting summary judgment in favor of Century on Curtis's Sarbanes–Oxley claim because Curtis did not fulfill the exhaustion requirements of 18 U.S.C. § 1514A(b). An employee may file an enforcement action under § 1514A in district court only if he first files a complaint with the Secretary of Labor and the Secretary does not issue a final decision within 180 days. *Id.* § 1514A(b). Curtis concedes that he did not exhaust, and we reject Curtis's argument that being an attorney exempts him from doing so in this case.

AFFIRMED.